UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GEORGE SNYDER                                                    CIVIL ACTION

VERSUS                                                           NO.  13-4779

NORANDA ALUMINA, L.L.C.                                          SECTION "N"  (4)

## ORDER AND REASONS

Before the Court is a motion to dismiss (**Rec. Doc. 12**), filed by defendant Noranda Alumina, L.L.C. ("Noranda").

Plaintiff brings this case seeking damages and reinstatement to his employment position as a General Repairer at Noranda's plant in Gramercy, Louisiana, where he worked for thirty-five years until his separation from the company on December 11, 2012, pursuant to a Separation Agreement and General Release.  The Separation Agreement allegedly came about as a result of a grievance that plaintiff filed when Noranda threatened to discharge him as a result of an event that occurred on September 1, 2012, in the aftermath of Hurricane Isaac.  Noranda maintained that plaintiff failed to report his discovery of an inoperable locking device that evening.  Plaintiff maintained (and continues to maintain) that he did not fail to report the discovery, but in fact did report it to the extent possible under the circumstances, and that even if he bears some fault, his actions did not warrant termination.  Plaintiff alleges that the Separation Agreement, together with the circumstances surrounding it and the events leading up to it, constituted wrongful constructive discharge, in violation of the collective bargaining agreement between Noranda and

the United Steelworkers Union (the "CBA").  *See* Rec. Doc. 1.

Pursuant to the Separation Agreement, in exchange for plaintiff withdrawing his grievance and waiving all rights against the company,[1] Noranda agreed to pay plaintiff the equivalent of five-weeks' vacation pay, less withholdings and payroll deductions.   Rec. Doc. 12-4.  In addition, Noranda agreed that upon receipt of a resignation letter from the plaintiff, it would convert his termination to a resignation.  *Id.*

In his complaint, plaintiff alleges that the Separation Agreement is not the product of valid consent because it was extracted through coercion and economic duress brought about by: (1) Noranda failing to pay plaintiff any income whatsoever between September 14, 2012 and December 27, 2012, creating economic insecurity on the part of plaintiff and his wife; (2) Noranda and union representatives falsely representing to plaintiff that he could not even retire unless he signed the agreement, when in fact, plaintiff had earned a vested right to retire; and (3) union representatives intentionally misleading plaintiff by telling him that he could not receive his earned five weeks' vacation pay and could not retire unless he signed the agreement, when in fact, as a thirty-five-year employee, plaintiff was entitled to five weeks vacation pay under the CBA regardless of whether he signed the Separation Agreement.   In addition, plaintiff alleges that he was not represented by an attorney at the time and has no experience with contracts.  Plaintiff also alleges that the Separation Agreement is void for lack of consideration, given that

---

[1] Plaintiff waived and released "all grievances, charges, claims, liabilities, demands and causes of action or suits of any kind, known and unknown, fixed and contingent, of whatsoever kind or nature that he ever had, now has, or may claim to have...included but not limited to those arising out of or in any way related to his employment with the Company, membership in the Union while employed or the termination of that employment."  Rec. Doc. 12-4 at 2.

he was already entitled under the CBA to receive the five weeks' vacation pay that he received in consideration for signing the Separation Agreement. *See* Rec. Doc. 1.

Noranda has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Federal Rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim does not have plausibility if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Noranda asserts several arguments: (1) that plaintiff has failed to allege the sort of bad faith conduct by the union sufficient to undermine the integrity of the grievance process;[2] (2) that plaintiff is precluded from challenging the union's conduct because he "voluntarily signed the

---

[2] To sue an employer pursuant to section 301 of the Labor-Management Relations Act, an employee must show that the union breached its duty of fair representation. *Daigle v. Gulf State Utilities Co., Local Union No. 2286,* 794 F.2d 974, 977 (5th Cir.), *cert. denied*, 479 U.S. 1008 (1986).

3

[Separation] Agreement;" (3) that plaintiff cannot establish breach of the CBA because plaintiff was terminated for cause (specifically, for violating established rules of conduct), which is permitted under the CBA; (4) that plaintiff has released his claims under the plain language of the Separation Agreement; and (5) that plaintiff's release of claims was knowing and voluntary. Each of these arguments fails, for each hinges on the Court accepting Noranda's version of the facts and rejecting the plaintiff's. Of course, at this juncture, it is the plaintiff's well-pleaded facts that the Court is required to accept, not the defendant's, and the Court must draw all reasonable inferences in the plaintiff's favor. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

Plaintiff has alleged that the union representatives *intentionally* misled him by telling him that he could not retire or receive his five-weeks earned vacation pay unless he signed the release, when in fact, he had a vested right to retire and was entitled to receive the vacation pay under the CBA. If true, such dishonest conduct and intentional misrepresentations would plainly meet the standard for breach of the union's duty of fair representation. *See, e.g.*, *Hammons v. Adams,* 783 F.2d 597, 601-02 (5th Cir. 1986) ("The union is, at a minimum, the agent of a member grievant and, like any other agent, must act as a loyal and diligent fiduciary with respect to matters within the scope of its agency."). Thus, the Court finds that the plaintiff has alleged facts which, taken as true, support a reasonable inference that the union breached its duty of fair representation.

As for Noranda's arguments that plaintiff's claims are released and precluded by the plain language of a release which he knowingly and voluntarily signed, these arguments fail, too, for they completely disregard plaintiff's allegations regarding the circumstances surrounding the

signing of the release.

"Normally the release of federal claims is governed by federal law." *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir.), *cert. denied*, 513 U.S. 1019 (1994). "Public policy favors voluntary settlement of claims and enforcement of releases, but a release of an employment or employment discrimination claim is valid only if it is 'knowing' and 'voluntary.'" *Id.* (internal citation omitted) (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52 n. 15 (1974)). The Court looks to the "totality of circumstances" to determine whether the releasor has established "that the release was invalid because of fraud, duress, material mistake, or some other defense." *Id.* "In determining whether a release was knowingly and voluntarily executed, federal law requires that a valid waiver is not to be 'lightly inferred'." *Rogers v. General Elec. Co.*, 781 F.2d 452, 455 (5th Cir. 1986).

Here, the plaintiff specifically alleges that his signing of the release was not knowing and voluntary due to several facts (outlined above), including specifically alleged intentional false representations by Noranda and union representatives that plaintiff could not retire and could not be paid for earned vacation time unless he signed the release. *See* Rec. Doc. 1 at 6-7. Accepted as true and drawing all reasonable inferences in plaintiff's favor, such misrepresentations and the errors induced thereby could be sufficiently material under the totality of the circumstances to vitiate consent. Thus, the Court finds that the plaintiff has alleged facts which, if borne out by the evidence, would support a reasonable inference that plaintiff's consent to the separation agreement was tainted by misrepresentations and material error such that his release of claims was not knowing and voluntary.[3]

---

[3] Because the Court finds that plaintiff has made out a plausible claim that the Separation Agreement is invalid due to lack of consent, the Court need not decide at this time whether the

Finally, as for defendant's argument that plaintiff was terminated for violating established rules of conduct and therefore cannot establish breach of contract, this argument likewise fails. In his complaint, plaintiff alleges that he did not fail to report his discovery of the inoperable locking device, but in fact did report the discovery to the electricians, who told him that they would take care of it. Rec. Doc. 1 at 4. Perhaps the facts at trial will show that even plaintiff's version of events would amount to just cause for termination. However, the defendant has failed at this juncture to demonstrate that such is the case. Thus, the Court finds that the plaintiff has alleged facts that support a reasonable inference that Noranda breached the CBA when it terminated plaintiff. Consequently, the Court concludes that the plaintiff has stated a claim for relief that is plausible on its face, and this case may proceed.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss Filed by Defendant Noranda Alumina, L.L.C. **(Rec. Doc. 12)** is hereby **DENIED**.

New Orleans, Louisiana, this 26th day of November, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

agreement might also be invalid due to lack of consideration (assuming that this common law concept even applies) or whether plaintiffs' allegations are sufficient as a matter of law to establish duress.